UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST MAEA, by and through his power of attorney, Lashara Maea,<br><br>Plaintiff<br><br>v.<br><br>KERN VALLEY STATE PRISON, et al.,<br><br>Defendants | CASE NO. 1:22-CV-0362 AWI HBK<br><br>ORDER ON DEFENDANTS' MOTION TO DISMISS<br><br>(Doc. No. 16) |

This is a civil rights action brought by Plaintiff Earnest Maea for injuries he received while incarcerated at Kern Valley State Prison. The operative complaint is the First Amended Complaint ("FAC"). The FAC alleges claims under California state law and 42 U.S.C. § 1983. Currently before the Court is a Rule 12(b)(6) motion to dismiss filed by Defendants California Department of Corrections ("CDCR") and Kern Valley State Prison ("KVSP"). Maea, through counsel, has filed a notice of non-opposition.

*Defendants' Arguments*

With respect to CDCR, Defendants argue that CDCR is a state agency and thus, entitled to Eleventh Amendment immunity. CDCR argues that the immunity applies to Maea's state and federal claims. With respect to KVSP, Defendants argue that KVSP is merely a physical building and is incapable of being sued. Therefore, Defendants contend that all claims against CDCR and KVSP should be dismissed.

*Plaintiff's Non-Opposition*

Maea states that he "does not oppose granting the motion to dismiss all claims against [CDCR and KVSP]." Doc. No. 23. Maea explains that he has a parallel state case against CDCR and KVSP pending in the Kern County Superior Court. Although the parties attempted to obtain a stipulation to dismiss the claims against CDCR and KVSP in light of the parallel action, the

parties could not reach agreement.  "Therefore, without waiving any claim and/or right to proceed in the parallel state court action," Maea does not oppose the pending motion to dismiss.  Id.

*Discussion*

There are no disputes between the parties.  As a state agency, CDCR is entitled to Eleventh Amendment immunity.  See Brown v. California Dep't of Corr., 554 F.3d 747, 752 (9th Cir. 2009); Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).  Eleventh Amendment immunity applies to Maea's pending § 1983 claims, see id., as well as his state law claims, against CDCR.  See Cholla Ready Mix, Inc. v. Civish, 382 F.3d 969, 973-74 (9th Cir. 2004).  Further, in the absence of an opposition, the Court can only conclude that the parties agree that KVSP is not a legal entity, but is merely a building.  Cf. Wilson v. Pelican Bay State Prison, 2018 U.S. Dist. LEXIS 191626, *4 (N.D. Cal. Nov. 6, 2018) (dismissing Pelican Bay State Prison because it is "simply a building, not a government entity.").  Therefore, given the status of the briefing, the Court will grant Defendants' motion and dismiss CDCR and KVSP from this suit.[1]

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. Defendants' motion to dismiss (Doc. No. 16) is GRANTED; and
2. Defendants CDCR and KVSP are DISMISSED from this case without leave to amend.

IT IS SO ORDERED.

Dated:   February 24, 2023           _____
                                      SENIOR DISTRICT JUDGE

---

[1] The Court does not intend to make any findings or holdings with respect to Maea's parallel suit in the Kern County Superior Court.  The Court further does not interpret Maea's notice of non-opposition as a waiver or concession with respect to his parallel state suit.  This order disposes only of the motion pending before this Court.