UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MAEA, | Case No. 1:22-cv-00362-KES-HBK (PC) |
| Plaintiff, | ORDER ADOPTING IN PART FINDINGS AND RECOMMENDATIONS |
| v. | |
| CHRISTIAN PFEIFFER, et al., | Docs. 42, 62 |
| Defendants. | |

Plaintiff Ernest Maea is a state prisoner proceeding with counsel on his First Amended Complaint ("FAC") filed pursuant to 42 U.S.C. § 1983. Doc. 8. The matter was referred to a United States magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 29, 2024, the assigned magistrate judge issued findings and recommendations to grant in part and deny in part defendants' exhaustion-based motion for summary judgment. Doc. 62. The magistrate judge found that plaintiff failed to exhaust three of the grievances he submitted, but that plaintiff exhausted the administrative remedies that were available to him as to grievance log no. 71069.[1] *Id.* Specifically, the magistrate judge found that plaintiff did not exhaust administrative remedies as to Felder and Pfeiffer, but that plaintiff exhausted

---

[1] As noted in the findings and recommendation, there is some confusion as to which of plaintiff's grievances was identified by CDCR as Log No. 71069. Doc. 62 at 21. The findings and recommendations, as well as this Order, refers to the grievance identified as Exhibit A to the Declaration of C. Garcia (Doc. 42-4 at 7-12) as grievance Log No. 71069.

administrative remedies as to the non-Bane Act claims against Martinez, Anderson, and Goree. Plaintiff filed objections, Doc. 63, and defendants filed a response to plaintiff's objections, Doc. 64.

In accordance with 28 U.S.C. § 636(b)(1), the Court has conducted a de novo review of this case. Plaintiff raises three principal objections to the findings and recommendations. First, plaintiff contends that the magistrate judge erred in finding that he failed to exhaust his administrative remedies as to his Bane Act claim. Doc. 63 at 3-4. Defendants respond by arguing that plaintiff failed to describe any threats, intimidation, or coercion in his grievances, and failed to allege facts from which threats, intimidation, or coercion could be inferred. Doc. 64 at 3. "[T]he Bane Act does not require the 'threat, intimidation or coercion' element of the claim to be transactionally independent from the constitutional violation alleged." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1043 (9th Cir. 2018) (internal quotation marks and citation omitted). However, the Bane Act requires that the defendants have a specific intent to violate plaintiff's rights. *Id.* "[R]eckless disregard for a person's constitutional rights is evidence of a specific intent to deprive that person of those rights." *Id.* at 1045 (internal quotation marks and citation omitted). At this stage of the proceedings, plaintiff's allegations that he was pepper sprayed and hit with a flash grenade despite complying with the officers' orders are sufficient to provide notice to defendants of the nature of plaintiff's Bane Act claim. For the reason's stated in the findings and recommendations, grievance log no. 71069 against Anderson, Martinez, and Goree was administratively exhausted. Accordingly, the Court finds that the Bane Act claim against Anderson, Martinez, and Goree was also administratively exhausted.

Second, plaintiff contends that the magistrate judge erred in finding that his allegations regarding difficulties he faced while in administrative segregation were immaterial. Doc. 63 at 4. Defendants argues that plaintiff's reliance on *Marella v. Terhune*, 568 F.3d 1024 (9th Cir. 2009) is misplaced because, unlike in *Marella*, plaintiff had the opportunity and ability to properly exhaust his administrative remedies but failed to do so. Doc. 64 at 3. In *Marella*, the grievance form stated that the screening of the grievance could not be appealed unless the reason for denial of the appeal was inaccurate. *Marella*, 568 F.3d at 1027. Because the reason for denying the

1    grievance was not inaccurate, the *Marella* plaintiff was not permitted to appeal the decision and
2    therefore the grievance appeals process was unavailable to him. *Id.* at 1027-28.  In contrast,
3    plaintiff does not allege that the forms that were provided to him effectively denied him access to
4    the appeals process.  Plaintiff raises general difficulties he faced while in administrative
5    segregation, but he fails to make any specific contentions as to why he was unable to appeal the
6    several grievances he did submit.  Because the general allegations plaintiff makes do not raise a
7    triable issue of fact that the appeals process was effectively unavailable to him, the magistrate
8    judge did not err in finding that three of the four grievances were not exhausted.

9    Third, plaintiff argues the magistrate judge erred in finding that he failed to exhaust his
10    administrative remedies as to supervisory liability claims against defendants Pfeiffer and Felder.
11    Doc. 63 at 5.  Plaintiff urges this Court to adopt the reasoning of *Springer v. Unknown Rekoff*,
12    2016 WL 5372526 (S.D. Tex. Sept. 26, 2016), and *Rich v. Pereira*, No. 18-CV-06266-EMC,
13    2020 WL 3414703 (N.D. Cal. June 22, 2020), to find that plaintiff did administratively exhaust
14    his remedies as to Pfeiffer and Felder.  *Id.*  In *Springer* and *Rich*, the district courts allowed
15    *Monell* claims to proceed because that it was "not reasonable to expect a lay inmate or detainee to
16    be versed in the subtleties of *Monell*," whereas "the responding government agency is well aware
17    of the potential liability it faces should the described conduct be found to be the result of its
18    customs or policies." *Rich v. Pereira*, 2020 WL 3414703, at *8.  However, the present case does
19    not involve a *Monell* claim, and the question of whether a *Monell* claim requires exhaustion under
20    the PLRA is not at issue.  The Court is also bound by the holding in *Fordley v. Lizarraga*,
21    18 F.4th 344, 358 (9th Cir. 2021).  Under *Fordley*, administrative complaints are not exhausted
22    unless the grievance alerts the prison to the nature of the wrong for which redress is sought.
23    *Fordley v. Lizarraga*, 18 F.4th 344, 358 (9th Cir. 2021).  Plaintiff does not dispute that his
24    grievances did not name nor describe Pfeiffer or Felder's actions (or inactions).  As such, the
25    magistrate judge did not err in finding that the administrative remedies were not exhausted as to
26    Pfeiffer and Felder.
27    ///
28    ///

Accordingly:

1. The findings and recommendations, filed on August 29, 2024, Doc. 62, are ADOPTED IN PART.
2. Defendants' motion for summary judgment, Doc. 42, is granted in part and denied in part.
3. The motion for summary judgment is granted as to defendants Pfeiffer and Felder.
    a. Defendants Pfeiffer and Felder are DISMISSED from this action.
4. The motion for summary judgment is denied as to defendants Martinez, Anderson, and Goree on plaintiff's Eighth Amendment claims for excessive use of force, failure to intervene, and deliberate indifference to serious medical needs,[2] and on plaintiff's state law claims for battery, negligence, failure to summon medical care, and violation of the Bane Act.
5. The case is referred back to the magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   June 6, 2025

UNITED STATES DISTRICT JUDGE

---

[2] The medical indifference claims against defendants Martinez, Anderson, and Goree stem only from the time immediately after the incident until the time that plaintiff was seen by medical staff later that same day.

4