UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MAEA, | Case No. 1:22-cv-00362-KES-HBK (PC) |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTION TO AMEND COMPLAINT[1] |
| v. | |
| LT. A. MARTINEZ, *et al.*, | (Doc. No. 69) |
| Defendants. | 14-DAY DEADLINE |

Pending before the Court is Plaintiff Ernest Maea's motion for leave to file a Second Amended Complaint, filed on May 8, 2025. (Doc. No. 69). Plaintiff seeks to amend his complaint to add seven individual correctional officers whom he alleges personally participated in an October 9, 2020 use-of-force incident that gave rise to this civil rights action. Defendants filed an Opposition (Doc. No. 74), and Plaintiff filed a Reply (Doc. No. 76). For the reasons set forth below, the undersigned recommends the motion be denied.

**BACKGROUND**

Plaintiff, a state prisoner represented by counsel, proceeds on his First Amended Complaint filed pursuant to 42 U.S.C § 1983. (Doc. No. 8, "FAC"). He initiated this suit on March 28, 2022, asserting excessive force, failure to intervene and deliberate indifference in

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2023).

violations of the Eighth Amendment, as well as related state law claims. (Doc. Nos. 1, 8.). The FAC named supervisory officials, and several Doe defendants believed to be directly involved in the events alleged to have occurred on October 9, 2020 at Kern Valley State Prison. (*See* Doc. No. 8).

The Court issued a Rule 16 scheduling order on January 13, 2023, setting a June 12, 2023 deadline to amend the pleadings. (Doc. No. 27). In February 2023, Defendants served initial disclosures identifying several CDCR officers present during the use-of-force event, including Castillo, Lopez, Jimenez, Figueroa, Villagomez, Zaragoza, and Diaz-Albarran but did not specify which individuals directly applied force to Plaintiff. (Doc. No. 69-4). The parties engaged in limited discovery and mediation throughout 2023 and into 2024.

In August 2023, Defendants moved for summary judgment based on failure to exhaust administrative remedies. (Doc. No. 42). On June 9, 2025, the district judge adopted in part the magistrate judge's findings and recommendations, granting summary judgment as to Pfeiffer and Felder but allowing Plaintiff's Eighth Amendment and state law claims—including the Bane Act claim—to proceed against three named officers: Martinez, Anderson, and Goree. (Doc. Nos. 62, 75).

Plaintiff now seeks to amend to add seven new individual officers—Castillo, Lopez, Jimenez, Figueroa, Villagomez, Zaragoza, and Diaz-Albarran—whom he contends were disclosed as having used physical force based on interrogatory responses received in late 2023 and fall 2024. (Doc. No. 69 at 8-11). Defendants oppose the motion, arguing, *inter alia*, that it is untimely under the Court's scheduling order and that Plaintiff cannot demonstrate the good cause required under Federal Rule of Civil Procedure 16. (Doc. No. 74 at 3-4).

**APPLICABLE LAW AND ANALYSIS**

**Rule 16 Good Cause**

Under Rule 15, a party "may amend its filing once as a matter of course . . . ." Fed. R. Civ. P. 15(a)(1). For subsequent amendments, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Because Plaintiff's Motion was filed after the Court issued a discovery and scheduling order pursuant to Federal Rule of Civil Procedure 16, however, that rule's standards now control. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992) (evaluating under Rule 16 motion for leave to amend filed after issuance of pretrial scheduling order). Rule 16 provides in relevant part:

> (b) [The district court] ... shall, after consulting with the attorneys for the parties and any unrepresented parties, by a scheduling conference, . . . enter a scheduling order that limits the time
>
> (1) to join other parties and to amend the pleadings;
>
> (2) to file and hear motions; and
>
> (3) to complete discovery.
>
> The order shall issue as soon as practicable but in no event more than 120 days after filing of the complaint. A schedule shall not be modified except by leave of . . . [the district court] upon a showing of good cause.

Fed. R. Civ. P. 16(b).

Thus, Plaintiff's ability to amend his complaint is governed by Rule 16(b), not Rule 15(a). *See Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987) (party seeking to amend pleading after date specified in scheduling order must first show "good cause" for amendment under Rule 16(b), then, if "good cause" be shown, the party must demonstrate that amendment was proper under Rule 15); *see also Financial Holding Corp. v. Garnac Grain Co.*, 127 F.R.D. 165, 166 (W.D. Mo. 1989) (same).

"A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under . . . Rule 15." *Forstmann*, 114 F.R.D. at 85. Unlike Rule 15(a)'s liberal amendment policy which focuses on the bad faith of the party seeking to interpose an amendment and the prejudice to the opposing party, Rule 16(b)'s "good cause" standard primarily considers the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee" notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J. 1990); *Amcast Indus. Corp. v. Detrex*

*Corp.,* 132 F.R.D. 213, 217 (N.D. Ind. 1990); *Forstmann*, 114 F.R.D. at 85; 6A Wright, Miller & Kane, Federal Practice and Procedure § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence).

Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. *Cf. Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992) (carelessness not a ground for relief under Rule 60(b)); *Martella v. Marine Cooks & Stewards Union*, 448 F.2d 729, 730 (9th Cir. 1971) (same), *cert. denied*, 405 U.S. 974 (1972); *Smith v. Stone*, 308 F.2d 15, 18 (9th Cir. 1962) (same). Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. *See Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985). If that party was not diligent, the inquiry should end. *See Kamal v. Eden Creamery, LLC*, 88 F.4th 1268, 1279 (9th Cir. 2023) (finding no abuse of discretion by district court in denying plaintiff motion to amend finding plaintiff no diligent).

**Analysis**

Because Plaintiff's motion to amend was filed well after the June 12, 2023 deadline established by the scheduling order, the Court's analysis begins—and ends—with the "good cause" standard under Rule 16(b)(4). *See Johnson*, 975 F.2d at 607–09; *Grant v. United States*, 2011 WL 5554878, at *4 (E.D. Cal. Nov. 15, 2011), *report and recommendation adopted*, 2012 WL 218959 (E.D. Cal. Jan. 23, 2012). If Plaintiff fails to show diligence in complying with the scheduling order, the Court need not proceed to the Rule 15(a) inquiry. *Johnson*, 975 F.2d at 609; *City of Lincoln v. United States*, 2018 WL 3917711, at *4–6 (E.D. Cal. Aug. 16, 2018).

Plaintiff has not demonstrated the requisite diligence. Defendants disclosed the identities of the proposed defendants—Castillo, Lopez, Jimenez, Figueroa, Villagomez, Zaragoza, and Diaz-Albarran—as early as February 13, 2023, in their Rule 26 disclosures. (Doc. No. 69-4 at 3-4). That was nearly four months before the amendment deadline and over two years before Plaintiff moved for leave to amend. Plaintiff contends that the disclosures lacked specificity as to who used force and in what manner. Even accepting that contention, the record shows that

4

1  Plaintiff did not pursue clarification or supplemental discovery with reasonable promptness.
2  Plaintiff concedes that certain interrogatory responses and grievance investigation records that
3  further clarified the officers' roles were produced in late 2023 and fall 2024.  Yet Plaintiff waited
4  until May 8, 2025—more than a year after the key disclosures and nearly five months after the
5  operative discovery—to seek leave to amend.  Under *Johnson*, this delay defeats a finding of
6  diligence. *See* 975 F.2d at 609 ("If [the moving] party was not diligent, the inquiry should end.");
7  *see also Grant*, 2011 WL 5554878, at *6 (rejecting amendment where plaintiff had "several
8  opportunities" to seek leave but failed to do so).

9  Plaintiff's suggestion that mediation efforts and cost-conscious litigation strategy excused
10  the delay is unavailing.  Rule 16 does not require bad faith or willful neglect.  It requires
11  diligence.  As the Ninth Circuit explained in *Johnson*, "[c]arelessness is not compatible with a
12  finding of diligence and offers no reason for a grant of relief." 975 F.2d at 609.  Indeed, a party
13  may not "cavalierly disregard[]" a scheduling order on the assumption that post-deadline
14  amendment will be permitted.  *Id*. at 610 (quoting *Gestetner Corp. v. Case Equip. Co*., 108
15  F.R.D. 138, 141 (D. Me. 1985)).

16  Nor does the record support a finding that Plaintiff's delay was caused by facts "which
17  could not have been reasonably foreseen or anticipated" at the time of the Rule 16 scheduling
18  order. *Grant*, 2011 WL 5554878, at *6.  To the contrary, the conduct of the Doe Defendants was
19  the subject of the FAC. That Plaintiff delayed discovery and declined to press for clarification,
20  despite identifying these individuals as potential parties, undermines any claim of
21  unforeseeability.  *See City of Lincoln*, 2018 WL 3917711, at *4 ("The good cause standard
22  typically will not be met where the party seeking to modify the scheduling order has been aware
23  of the facts and theories supporting amendment since the inception of the action." (internal
24  quotation omitted) (*quoting In re W. States Wholesale Nat. Gas Antitrust Litig*., 715 F.3d 716,
25  737 (9th Cir. 2013)).

26  Plaintiff's invocation of Defendants' alleged discovery misconduct does not alter this
27  outcome. While the record suggests there were delays in production, Plaintiff does not explain
28  why he failed to seek relief under Rule 37 or request modification of the scheduling order at the

5

time. *Cf. Fid. Nat. Fin., Inc. v. Nat'l Union Fire Ins. Co.*, 308 F.R.D. 649, 653-54 (S.D. Cal. 2015) ("[A] diligent party would certainly have raised the issue during" the case management conferences or when the discovery impasse became apparent.).

Further, the Court notes that prejudice to Defendants is not the controlling consideration under Rule 16(b); diligence is. *Johnson*, 975 F.2d at 609. Having failed to act diligently in seeking amendment, Plaintiff cannot satisfy the "good cause" standard, and the motion must be denied. *See Fid. Nat. Fin.*, 308 F.R.D. at 653 (denying amendment where moving party "should have at least alerted [opposing party and] the Court" much earlier); *City of Lincoln*, 2018 WL 3917711, at *6 (denying leave to amend where party possessed documents containing the relevant facts well before motion was filed).

It is **RECOMMENDED**:

Plaintiff's Motion to Amend (Doc. No. 69) be DENIED.

## NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections. Local Rule 304(b). The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   June 27, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6