UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST MAEA,<br><br>        Plaintiff,<br><br>    v.<br><br>LT. A. MARTINEZ, et al.,<br><br>        Defendants. | Case No. 1:22-cv-00362-KES-HBK<br><br>ORDER GRANTING STIPULATED MOTION TO MODIFY CASE MANAGEMENT AND SCHEDULING ORDER DEADLINES TO A LIMITED EXTENT<br><br>(Doc. No. 94) |

On December 9, 2025, the parties filed their eleventh motion to further modify the Case Management and Scheduling Order ("CMSO") deadlines. (Doc. No. 94). Therein, the parties request a further 45-day extension of time to the current and previously extended December 20, 2025, expert discovery deadline and current and previously extended February 2, 2026, dispositive motion deadline. (Id. at 2). The parties submit they have been unable to find suitable dates to conduct expert depositions due to the upcoming holidays, counsels' vacations, and counsels' obligations in other cases. (*Id.* at 2 ¶¶ 24-28). As more fully discussed below, the Court does not find the stated reasons qualify as good cause to grant yet another extension of time in this case. Nonetheless, due to the expert witnesses unavailability, the Court will grant one final extension to the case management deadlines to the limited extent set forth herein. Fed. R. Civ. P. 16(b)(4).

# BACKGROUND

Plaintiff, a state prisoner represented by counsel, proceeds on his First Amended Complaint filed pursuant to 42 U.S.C § 1983. (Doc. No. 8, "FAC"). The Court issued Rule 16 Case Management and Scheduling Order ("CMSO) on January 13, 2023. (Doc. No. 27). Since that date, the parties have filed numerous motions to modify the CMSO, which the Court has granted. *See* Doc. No. 35 (April 17, 2023 order granting motion to extend exhaustion-based summary judgment deadline); Doc. No. 39 (July 14, 2023 order granting second motion to extend exhaustion-based summary judgment deadline); Doc. No. 41 (August 2, 2023 granting third motion to extend exhaustion-based summary judgment deadlines); Doc. No. 45 (August 31, 2023 order granting motion to extend deadline for Plaintiff to file opposition to Defendants' exhaustion-based motion for summary judgment); Doc. No. 51 (November 2, 2023 order granting oral motion for second extension of time for Plaintiff to file opposition to Defendant's exhaustion-based motion for summary judgment); Doc. No. 55 (January 5, 2024 order granting third motion for extension of time for Plaintiff to file opposition to Defendants' exhaustion-based motion summary judgment); Doc. No. 60 (May 24, 2024 order granting joint motion to extend the CMSO deadlines); Doc. No. 66 (December 19, 2024 order granting second motion to extend nonexpert and expert discovery and dispositive motions deadlines); Doc. No. 68 (May 5, 2025 order granting third extension to nonexpert, expert and dispositive motion deadlines); Doc. No. 81 (August 13, 2025 order granting fourth extension to nonexpert and expert discovery and dispositive motions deadlines); and Doc. No. 93 (October 22, 2025 order granting extension to damages related expert deadline only).

# APPLICABLE LAW AND ANALYSIS

Courts have the inherent power to control their docket, and scheduling orders are necessary for a court to effectively resolve cases. *Hamilton Copper & Steel Corp. v. Primary Steel, Inc.*, 898 F.2d 1428, 1429 (9th Cir. 1990); *Wong v. Regents of the Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005); *Johnson v. Mammoth Recreations*, Inc., 975 F.2d 604, 610 (9th Cir. 1992) ("A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' ") (citation omitted). Fed. R. Civ. P. 6(b)

1  provides for extending deadlines for good cause shown, if the request to extend time is made
2  before the original time, or its extension expires; or, on a motion made after the time has expired,
3  if the party failed to act because of excusable neglect.  Additionally, Fed. R. Civ. P. 16(b)(4)
4  permits a court to modify a scheduling order for good cause shown and with the judge's consent.
5  Further, in evaluating any extension, the court must consider the overarching policy of Rule 1,
6  which requires that the Rules "be construed to secure the just, speedy, and inexpensive
7  determination of every action and proceeding." Fed. R. Civ. P. 1.

8       Good cause considers a party's diligence in seeking an extension as well as the party's
9  ability—or inability—to reasonably meet the current deadlines. *Johnson v. Mammoth*
10 *Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  The filing of a joint request for an extension
11 of time does not mandate an extension or excuse the parties from showing good cause for an
12 extension to be granted. *Williams v. James River Grp. Inc.*, 627 F. Supp. 3d 1172, 1178 (D. Nev.
13 2022) (collecting cases).  Rather, the Court must determine if there is good cause to grant yet
14 another extension to previous extended deadlines in the CMSO.

15      The court finds the parties have failed to show good cause that their busy schedules,
16 vacation plans, and obligations in other cases warrant a tenth joint extension to the CMSO.  (*See*
17 Doc. No. 94).  While the parties may be busy, counsels' busy schedule and inability to find a
18 "mutually agreeable time to take depositions" fail to present good cause to warrant an extension
19 to the scheduling order.  *See, e.g., Branch Banking & Trust Co. v. D.M.S.I., LLC*, No. 2:11-cv-
20 01778-APG-VCF, 2013 WL 3197663, at *1 n.1 (D. Nev. June 21, 2013) (finding the excuse that
21 parties and their counsel "were very busy . . . does not constitute 'good cause' pursuant to Fed.
22 R. Civ. P. 16"), *aff'd*, 871 F.3d 751, 765 (9th Cir. 2017).  Further, given the most recent October
23 17, 2025, request for a modification to the CMSO—and the numerous extensions to the CMSO
24 that the parties have already been granted—counsels' vacation plans were foreseeable when they
25 last requested an extension to the case scheduling order.  Because counsels' conflicts were
26 foreseeable, they fail to show good cause to warrant extending the CMSO a tenth time. *King v.*
27 *Biter*, No. 1:15-cv-00414-NONE-SAB, 2020 WL 3173144, at *2 (E.D. Cal. June 15, 2020)
28 (stating counsel's vacation plans were foreseeable at the first request for an extension of time and

contradicts a claim of due diligence") (citing *Mondares v. Kaiser Foundation Hosp.*, No. 10-CV-2676-BTM (WVG), 2011 WL 5374613, at *2 (S.D. Cal. Nov. 7, 2011) ("other trials and a busy schedule do nothing to advance Plaintiff's burden to show she was diligent in *this* case") (emphasis in original)).

The deadlines to complete expert discovery and file dispositive motions have already been extended multiple times since the original CMSO was entered. However, to the extent the parties' experts are unavailable to be deposed before the expiration of the current deadline, the unavailability of experts does present good cause to warrant modifying the CMSO. *In re Toy Asbestos Litig.*, No. 19-cv-00325-HSG, 2020 WL 8815916, at *16 (N.D. Cal. May 27, 2020) (finding that an expert's unavailability during expert discovery was good cause to extend the deadlines for depositions). Given the need to complete expert discovery, the Court will grant a forty-five (45) day extension to the expert discovery deadline in order that the parties may depose the designated experts. However, the Court will grant only a thirty (30) days extension to the current dispositive motion deadline.

Accordingly, it is **ORDERED**:

1. The parties' stipulated motion to extend certain case management and scheduling deadlines (Doc. No. 94) is GRANTED to the limited extent set forth herein.
2. The following modified dates shall govern the management of this action.
3. The expert discovery deadline is extended to **February 3, 2026**.
4. The dispositive motion deadline is extended to **March 4, 2026**.
5. The **procedures** set forth in the January 13, 2023 Case Management and Scheduling Order (Doc. No. 27) otherwise will continue to govern this action.

Dated:    December 15, 2025

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE